800 P.2d 972

F. Lee ARCHER, Plaintiff/Appellee,

v.

The BOARD OF SUPERVISORS OF PIMA COUNTY; Terry J. LEHRLING, Real Party in Interest, Defendants/Appellants.

No. CV–90–0272–AP.

Supreme Court of Arizona,
In Banc.

Nov. 15, 1990.

Munger & Munger by Clark W. Munger, Tucson, for plaintiff/appellee.

Stephen D. Neely, Pima County Atty. by Martin Willett, Deputy Pima County Atty., Tucson, for defendant/Board of Supervisors of Pima County.

Terry J. Lehrling, Tucson, pro se.

## OPINION

CAMERON, Justice.

### I. JURISDICTION

This is an election appeal by the Real Party in Interest, Terry J. Lehrling (Lehrling), from a decision of the Pima County Superior Court removing him from the Democratic primary election ballot for constable, Fifth Precinct, Pima County. We have jurisdiction pursuant to Ariz. Const. art. 6, § 5(6), and A.R.S. § 16–351(A).

### II. ISSUES

We are asked to decide the following questions:

1. Whether an elector of one political party may challenge the sufficiency of signatures to place a candidate on the ballot in another party's primary.

2. Whether sufficient valid signatures were obtained to place Lehrling on the primary ballot for constable, Fifth Precinct, Pima County.

### III. FACTS

Lehrling was a candidate for nomination for constable, Fifth Precinct, Pima County, in the Democratic primary election. Lehrling collected what he believed to be a sufficient number of signatures on his nominating petitions for that office.

F. Lee Archer (Archer), the Republican incumbent constable in the Fifth Precinct, brought this action in the Pima County Superior Court against Lehrling and the Pima County Board of Supervisors. Archer claimed that Lehrling had insufficient signatures to qualify him for the primary election ballot.

A prompt hearing was held pursuant to the election statutes. A.R.S. §§ 16–351 and 16–676. The trial court held that Archer had standing to bring the action and that Lehrling had insufficient signatures to qualify for the primary election ballot. Lehrling appealed to this court and, after a hearing, we affirm the trial court.

## IV. STANDING

Arizona has a closed primary election. Only an elector of the same political party may vote in that party's primary. A.R.S. § 16–311(A).

It does not follow, however, that an elector may not challenge the nomination of a candidate in another party's primary. Arizona statutes clearly permit this. A.R.S. § 16–671 provides that primary contests shall follow, as nearly as possible, the procedure followed in general election contests. A.R.S. § 16–674, referring to the contest of county or other elections, provides:

> *An elector* of a county, city, town or a political subdivision ... may contest the right of *a person* elected to an office ... in the same manner as contests of election to a state office....
>
> \*   \*   \*   \*   \*   \*
>
> A.R.S. § 16–672, referring to contests of state offices, provides:
>
> *Any elector* of the state may contest the election of *any person* declared elected to a state office, or declared nominated to a state office at a primary election....
>
> \*   \*   \*   \*   \*   \*

(emphasis added).

■ Absent other authority, which we do not find, any elector or voter, regardless of his political party registration, has the responsibility to uphold the integrity of the nomination process, and therefore, may challenge the nomination or the election of any person. We hold that Archer had standing to bring this action.

## V. SUFFICIENCY OF THE SIGNATURES

Archer claimed that Lehrling had an insufficient number of valid signatures to qualify for the primary ballot.

■ Although we do not have a transcript of the hearing before the trial judge, we have reviewed the trial court's minute entry. The record shows that the trial judge considered the facts and the law and that all interested parties had an opportunity to be heard. The court concluded:

> The court finds there are not enough valid signatures on the petitions to nominate Terry J. Lehrling for the office of constable to be voted upon at the primary election to be held on the 11th day of September 1990.
>
> IT IS ORDERED that the plaintiff have judgment for the relief requested in the complaint enjoining defendant The Board of Supervisors of Pima County from placing the name of Terry J. Lehrling as a candidate for the office of Constable, Pima County Justice Precinct No. Five, on the 1990 primary election ballot.

\*   \*   \*   \*   \*   \*

■ The evidence before this court does not show that the trial court erred in finding that Lehrling had an insufficient number of valid signatures to be a candidate in the primary election. Absent a transcript, this court will presume that evidence presented to the trial court was sufficient to maintain its evidentiary findings. *Brousseau v. Fitzgerald*, 138 Ariz. 453, 457, 675 P.2d 713, 717 (1984).

## VI. DISPOSITION

Judgment of the trial court affirmed.

MOELLER, J., and EUBANK and SHELLEY, Judges, Court of Appeals, concur.

GORDON, C.J., and FELDMAN, Vice C.J., did not participate in this matter. Pursuant to Ariz. Const. art. 6, § 3, EUBANK and SHELLEY, Judges, Arizona Court of Appeals, Division One, were assigned to sit in their stead.

CORCORAN, Justice, specially concurring:

I concur in the result.